UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                                    :
SHERINA FLORENCE,                                                   :
                                                                    :
                                        Plaintiff,                  :
                                                                    :        25-cv-07082 (LJL)
                -v-                                                  :
                                                                    :        MEMORANDUM AND
72ANDSUNNY PARTNERS, LLC and STAGWELL,              :                ORDER
INC.,                                                               :
                                                                    :
                                        Defendants.                 :
                                                                    :
--------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   1/30/2026

LEWIS J. LIMAN, United States District Judge:

Defendants 72andSunny Partners, LLC and Stagwell, Inc. ("Defendants") move for a stay of discovery and to adjourn the initial pretrial conference in this case scheduled for February 6, 2026. Dkt. No. 28. Plaintiff opposes the motion. Dkt. No. 30.

The burden is on the Defendants to show good cause for discovery to be stayed pending decision on a motion to dismiss. Fed. R. Civ. P. 26(c); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *see Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021); *Ass'n Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999). Save for cases covered by the Private Securities Litigation Reform Act, a motion to dismiss does not automatically stay discovery. *See Hong Leong*, 297 F.R.D. at 72. A stay must be justified based on (1) the breadth of discovery sought and the burden of responding to it; (2) the prejudice, if any, to the opposing party of an order granting a stay; and (3) the strength of the motion. *See Brooks v. Macy's, Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010).

The Court has briefly reviewed the fully submitted motion to dismiss.  There are "'strong arguments on both sides.'"  *Robbins v. Candy Digital Inc.*, 2024 WL 2221362, at *1 (S.D.N.Y. May 15, 2024) (quoting *Guiffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016)). That does not support a stay of discovery, particularly where as here the success of any one argument would not be sufficient to dispose of the entire action.  *See Ass'n Fe Y Allegria*, 1999 WL 147716, at *1.  The moving party must show either "substantial grounds for dismissal" or make a "strong showing that [the motion] is likely to succeed on the merits," *Ruby Has*, 2021 WL 2413320 at *1.  Furthermore, at this early stage, Defendants have not shown that the burden in responding to discovery justifies a stay.  Plaintiff notes that discovery will require the production of communications from the persons to whom she complained and the persons responsible for the adverse employment action about which she complains and that the motion to dismiss would likely be decided by the time depositions begin.  Dkt. No. 30 at 3.  Finally, in a case that will rely upon the recollection of witnesses (if it survives the motion to dismiss), the Court cannot entirely discount that there will be prejudice from fading memories.  In any event, "lack of prejudice alone does not merit a stay."  *Bennett v. Cuomo*, 2023 WL 2021560, at *5 (S.D.N.Y. Feb. 15, 2023).

The motion for a stay of discovery and an adjournment of the initial pretrial conference pending a ruling on Defendants' motion to dismiss is DENIED.

The initial pretrial conference previously scheduled for February 5, 2026 is adjourned to February 6, 2026 at 12:00 p.m.  Parties are directed to dial into the Court's teleconference number at 646-453-4442, Conference ID# 358639322, and follow the necessary prompts.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 28.  The notice at Dkt. No. 10 is altered so that the proposed case management plan shall be due on February 2, 2026, rather than January 30, 2026.

SO ORDERED.

Dated: January 30, 2026
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3