UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
SHERINA FLORENCE,                                                  :
                                                                   :
                    Plaintiff,                                     :
                                                                   :
        -v-                                                        :
                                                                   :
72ANDSUNNY PARTNERS, LLC and STAGWELL,                             :
INC.,                                                              :
                                                                   :
                    Defendants.                                    :
                                                                   :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/20/2026

25-cv-07082 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

Proposed Intervenors Joe Michael Nickson and Vincent Bragg ("Proposed Intervenors") move, pursuant to Federal Rule of Civil Procedure 24, to intervene in this action. Dkt. No. 34. For the reasons that follow, the motion is denied.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Sherina Florence ("Plaintiff") commenced this action on August 26, 2025. Dkt. No. 1. She alleges that Defendants 72andSunny Partners, LLC ("72andSunny") and Stagwell, Inc. ("Stagwell" and, with 72and Sunny, "Defendants"), knowingly allowed her to be the victim of a sexual assault committed by two executives of a start-up advertising company (the "Start-Up") which was a client of Defendants and that Defendants then retaliated against her when she complained of the assault. Dkt. No. 1. On November 24, 2025, Plaintiff filed an Amended Complaint against the same Defendants, asserting the same claims. Dkt. No. 19.

On December 4, 2025, Defendants moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 23. That motion is now fully submitted.

The Court held an initial pretrial conference on February 6, 2026 and denied Defendants' request for a stay of discovery. Feb. 6, 2026 Minute Entry; Dkt. No. 31. The Court entered a

Case Management Plan and Scheduling Order which provides for fact discovery to be completed by June 5, 2026.  Dkt. No. 33.

Proposed Intervenors filed this motion on February 13, 2026.  Dkt. No. 34.  Plaintiff and Defendants filed memoranda of law in opposition to the motion on March 4, 2026.  Dkt. Nos. 36–37.  Proposed Intervenors filed a reply memorandum of law on March 13, 2026.  Dkt. No. 39.

## DISCUSSION

Proposed Intervenors claim that they are the two executives referred to in the complaint and amended complaint.  Dkt. No. 34 at 2; Dkt. No. 39 at 2.[1]  They seek to intervene to protect their "professional reputations, contractual interests, and business relationships."  Dkt. No. 34 at 2; *see also* Dkt. No. 39 at 2.  They assert that their company, ConCreates Inc., is a startup advertising agency that maintained a contractual relationship with Defendants and that, as a result of being referred to in Plaintiff's pleadings, Proposed Intervenors "have experienced significant reputational, professional, and economic harm including loss of business opportunities and impairment of contractual relationships."  Dkt. No. 34 at 2.

"To prevail on a motion for intervention as of right, a movant must '(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'"  *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022) (quoting *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)).  "All four parts of the test must be satisfied to qualify for intervention as of right."  *Wash. Elec. Coop, Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d

---

[1] Citations to these docket entries use ECF pagination.

92, 96 (2d Cir. 1990).  A "[f]ailure to satisfy *any one* of these four requirements is a sufficient ground to deny the application.'"  *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (quoting *"R" Best Produce*, 467 F.3d at 241).

"Even if intervention of right is unavailable, a court may still 'permit a party to intervene if the party has a claim or defense that shares with the main action a common question of law or fact.'"  *United States v. N.Y.C. Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018) (quoting *SEC v. Caledonian Bank Ltd.*, 317 F.R.D. 358, 368 (S.D.N.Y. 2016)); *see* Fed. R. Civ. P. 24(b).  "The court considers substantially the same factors" as are relevant to intervention as of right.  *"R" Best Produce*, 467 F.3d at 240; *see Freeman v. Giuliani*, 2025 WL 552338, at \*3 (S.D.N.Y. Feb. 19, 2025); *N.Y.C. Hous. Auth.*, 326 F.R.D. at 418 (noting that courts consider the potential of prejudice or delay, the benefit of intervention to the applicant, the nature and extent of the intervenors' interests, whether those interests are adequately represented, and whether intervention will contribute to full development of the issues).

Proposed Intervenors have not shown (1) a cognizable interest in this action; (2) an interest that might be impaired by the disposition of this action; or (3) that the interest would not be protected adequately by the parties, sufficient to support mandatory intervention.  "For an interest to be cognizable by Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'"  *In re N.Y.C. Policing*, 27 F.4th at 799 (quoting *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010)).  "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule."  *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001).

Proposed Intervenors assert that the allegations in the complaint are false and that, if not demonstrated to be false, will cause them reputational and other injury. Dkt. No. 34 at 2; Dkt. No. 39 at 4. It is not infrequent that a pleading naming a corporation as a party will contain allegations about a person or persons not named as a party. That is so whether the complaint alleges claims for discrimination, theft of trade secrets or some other commercial harm, the commission of a tort, or any of the legion of other types of claims that may be brought in federal court. Such allegations can have secondary effects on the persons involved. Plaintiff did not identify by name the individuals she claims allegedly assaulted her or their company. It appears that Proposed Intervenors are concerned that Plaintiff's allegations were circulated internally at Defendants well before this lawsuit was filed. Dkt. No. 34 at 8. Proposed Intervenors also state that their partnership with Defendants was publicly announced and widely reported in the industry and that, as a result, their identities are reasonably identifiable. Dkt. No. 39 at 3. They make the generalized claim that the allegations of misconduct leveled against them directly implicate their "professional and reputational interests within the advertising and creative industry." *Id.* Courts consistently have held that generalized assertions of an interest in reputation are not sufficiently direct, substantial or legally protectible to give rise to a right to intervene. *See, e.g.*, *Floyd*, 770 F.3d at 1061; *Lively v. Wayfarer Studios LLC*, 2025 WL 1644522, at *2 (S.D.N.Y. June 10, 2025), *reconsideration denied*, 2025 WL 2004286 (S.D.N.Y. July 16, 2025); *A.S. v. City Sch. Dist. of Albany*, 2021 WL 4198411, at *5 (N.D.N.Y. Aug. 11, 2021), *report and recommendation adopted*, 2021 WL 4192199 (N.D.N.Y. Sept. 15, 2021). The courts have other tools available for protecting the privacy and reputations of third parties from unnecessary harm. *See, e.g.*, *United States v. Amodeo*, 44 F.3d 141 (2d Cir. 1995) (presumption of access to judicial documents can be overcome by countervailing interests in the privacy and

4

reputation of third parties); *Lively v. Wayfarer Studios LLC*, 2025 WL 815364, at *1 (S.D.N.Y.

Mar. 13, 2025) (court may enter protective order to protect the interests in privacy and reputation

of a third party); *Doe (K.S.) v. Brisam Clinton LLC*, 2023 WL 5835751 (S.D.N.Y. Sept. 8, 2023)

(discussing uses of protective order).[2]

Proposed Intervenors also have not demonstrated how the disposition of this action would

impair any protectible interest of theirs.  To be sure, Plaintiff has alleged that she was a victim of

an assault and that she reported it to Defendants.  Assuming the complaint survives a motion to

dismiss, there may be factual questions regarding whether such assault took place and, if so,

whether Defendants' reaction to it is actionable.  But the resolution of those questions will not

impair any right of Proposed Intervenors.  As non-parties, they run no "risk of facing prejudicial

use of issue or claim preclusion by a future litigant."  *Roe v. Lincoln-Sudbury Reg'l Sch. Dist.*,

2019 WL 5685272, at *3 (D. Mass. Oct. 31, 2019); *A.S.*, 2021 WL 4198411, at *5.  If, in fact,

the rights of Proposed Intervenors have been violated, they can file a separate action.  *Roe*, 2019

WL 5685272, at *3.

Finally, to the extent that Proposed Intervenors' interest in their reputations is a

cognizable interest, Proposed Intervenors have not shown that such interest would not be

adequately protected by the parties.  "[W]here the putative intervenor and a named party have the

same ultimate objective . . . the movant to intervene must rebut the presumption of adequate

representation by the party already in the action."  *Butler, Fitzgerald & Potter v. Sequa Corp.*,

250 F.3d 171, 179–80 (2d Cir. 2001).  Defendants here have similar interests to those of

Proposed Intervenors.  Plaintiff's claim is, to some extent, predicated on her claims to have

---

[2] Proposed Intervenors also identify contractual interests, Dkt. No. 34 at 2; Dkt. No. 39 at 2, but they do not identify a particular contract or how the disposition of this action would impair their rights under that contract.

suffered sexual harassment and a sexual assault from the founders of the Start-Up.  Defendants thus have an interest in demonstrating that the harassment and assault never took place.  Proposed Intervenors have not rebutted the presumption of adequate representation.  *See Barry White Fam. Tr. U/A/D: Dec. 18, 1980 By Duly Empowered Trs. v. Cooley*, 2025 WL 1080749, at *2 (S.D.N.Y. Apr. 9, 2025);  *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 537 F. Supp. 3d 507, 520 (S.D.N.Y. 2021), *aff'd in part, rev'd in part and remanded*, 27 F.4th 792 (2d Cir. 2022).

The factors that support denial of Proposed Intervenors' motion for intervention as of right also militate against a grant of permissive intervention under Rule 24(b).  *See A.S.*, 2021 WL 4198411, at *8; Fed. R. Civ. P. 24(b).  Proposed Intervenors have not shown that they have a claim or defense that shares a common question of law or fact with this case.  To the extent that the case progresses past the motion to dismiss stage and either party subpoenas Proposed Intervenors for documents or testimony, of course, Proposed Intervenors retain their rights under Rule 45 to object or request a protective order.  Fed. R. Civ. P. 45.

## CONCLUSION

The motion to intervene is denied.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 34.

SO ORDERED.

Dated: March 20, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

6